BRADY, Justice:
This is an appeal from a decree of the Chancery Court of Rankin County, Mississippi, denying relief and dismissing a bill *851 filed by the heirs of J. G. Patrick, deceased, against the State Highway Commission for the value of .93 acres of land purchased by deed from the Antioch Baptist Church. The church held under a deed from J. G. Patrick which contained a clause that upon its ceasing to be used for church purposes title would revert to J. G. Patrick or his heirs. The exhibits in the record as well as the stipulation of facts establish the following essential facts for our consideration.
On July 2, 1901, J. G. Patrick conveyed a portion of the lands in question to the Trustees of the Antioch School and their successors in office. On September 18, 1903, J. G. Patrick conveyed the remainder of the lands actually involved in this cause to the deacons of said church, the trustees of the school, and their successors in office. Since the lands actually conveyed are not in issue, it is sufficient to say that seven acres of land were conveyed by the said J. G. Patrick to the deacons of the Antioch Baptist Church. The pertinent parts of the deed are as follows:
In consideration of the interest I have in Antioch Baptist Church, graveyard and education, I hereby grant, bargain, convey and warrant to the deacons of said church, trustees of school, & their successors in office, the following described land situated in the County of Rankin and State of Mississippi, to-wit:
Beginning at the S.E. corner of the Graveyard land running in a direct line with the back side of the Graveyard 70 yds East. Thence beginning where the line of Sec. 15 crosses the Brandon & Raleigh Road running 70 yds East on the West side of said public road, thence back to the East end of first line mentioned all in Sec. 22, T 4, R 5, East; said land is for Church, Graveyard and School purposes & for the White Race, specially.
And know it is understood by all parties concerned, that when said lands for either of purposes aforementioned is no longer used for the purposes mentioned then the title to said land revert back to the original owner J. G. Patrick his heirs and assigns; know it is further understood that the said J. G. Patrick except the timber on the said land.
WITNESS my signature, this 18th day of Sept. 1903.
J. G. Patrick
Shortly following the conveyances by J. G. Patrick, the Antioch Baptist Church erected on the premises a church building and began to use said premises as a place of worship and a cemetery, and such use has continued through the years to the present time. The Antioch Baptist Church is an organized and existing church organization maintaining a church building, Sunday School rooms, and a cemetery on said premises, with regular chaurch services being conducted with a fully organized congregation as members of said church, and a pastor.
Prior to the construction of Mississippi Highway 43, a public road known as the Pelahatchie to Puckett Public Road was maintained adjoining said premises by the Board of Supervisors of Rankin County, Mississippi. This road existed long before the execution of the conveyance from the Antioch Baptist Church to the appellant as shown by appellant’s Exhibit D. The road maintained by the county continued in existence as aforesaid until the same was designated as part of the State Highway Commission of Mississippi. Exhibit D describes the lands which are embraced in the existing limits of Highway 43 as it now exists adjacent to the Antioch Baptist Church. The .93 acres, described in Exhibit D offered by appellant, the deed given by the Antioch Baptist Church to the Mississippi State Highway Commission, are now embraced within the right-of-way limits of Mississippi Highway No. 43. It is agreed by stipulation that the appellants in this suit are all of the heirs of the said J. G. Patrick and, as such, constitute all of the proper parties to this lawsuit.
*852 In the bill of complaint filed in the Chancery Court of Rankin County, it was the contention of the appellant that the Antioch Baptist Church, by executing the deed to the .93 acres to the Mississippi State Highway Commission, abandoned and ceased to use said .93 acres deeded by J. G. Patrick for church purposes, and that the Antioch Baptist Church, without right of authority in law, executed and delivered a purported warranty deed to the .93 acres.
Appellant also contends that the deed of J. G. Patrick conveys a determinable fee because it is subject to having the fee defeated by ceasing to use the land for the required purpose, and that since the church knew that the .93 acres which they were going to convey would be converted into a highway, the church knew and intended to surrender all control and possession of it to the highway, and that the church thereby did positively and firmly declare its intention to, and did end and forever terminate its use of this .93 acres, and that this amounted to an abandonment, and that this abandonment was prior to the delivery of the deed by the Trustees of Antioch Baptist Church to the Mississippi State Highway Commission.
Appellant further asserts that the State Highway Commission of Mississippi, under its purported deed, had entered on said lands and had constructed a public highway thereon and thereby is excluding the appellants from the beneficial use and ownership of their land without making due compensation therefor, as required under Mississippi Constitution Article 3, section 17, and that the fair cash market value of said lands at the time of said taking on October 10, 1961, amounted to the sum of $3,500.
The court found from the evidence that the Patrick heirs are the owners of a mere possibility of reverter under the conveyance of their ancestor; that from the evidence, the Antioch Baptist Church, by its conveyance to the State Highway Commission for highway purposes while continuing to maintain church activities and a cemetery on the remaining property, has in no manner committed an act which constitutes an abandonment of the .93 acres for church purposes.
The court further found from the evidence that the public road which was maintained by the Board of Supervisors of Rankin County, Mississippi, for many years prior to the time the road became a state highway, served the needs and uses of Antioch Baptist Church, and that thereafter, in October 1961, the State Highway Commission of Mississippi became vested with authority to construct and maintain said road across the captioned land, and that said state highway is an auxiliary use of Antioch Baptist Church. The chancery court therefore dismissed the original bill of complaint with prejudice at the cost of complainants.
It is apparent that three errors assigned arise out of the one basic issue, which is: Did tlie appellant own any compensable interest in the .93 acres of land which were acquired by the appellee, Highway Commission, for highway right-of-way purposes ? Rephrasing the question so as to place it squarely within the reverter provisions of the Patrick deed, it can be stated as follows: Did the Trustees of Antioch Baptist Church, by giving a warranty deed to the .93 acres to the State Highway Commission for a consideration of $1230, create an event or act which amounted to an abandonment of use by the Trustees of Antioch Baptist Church for the purposes for which the land was originally deeded to the church?
We have carefully reviewed appellant’s and appellee’s briefs and authorities. We are of the opinion that the trial court reached the right conclusion in holding that the execution of the right-of-way conveyance to the I-Iighway Commission did not interfere with or terminate the church activities and the use of a cemetery on the remaining property, and did not constitute *853 an act of abandonment of the .93 acre tract for church purposes under the facts of this case.
The basic change which has taken place since the conveyance by the church trustees to the Highway Commission in 1961 is that the Antioch Baptist Church is now afforded a more adequate, paved, public highway to serve the church and cemetery facilities and also to serve the entire community in which it has been constructed. The highway in this case is an auxiliary use which complements the use of the premises for church and cemetery purposes and said highway augments and facilitates the semi-public religious use by the church rather than being adverse thereto.
This case is one in which the Highway Commission sought land for the purpose of widening the highway and was empowered to condemn it, if negotiations failed. Miss. Code Ann. § 8023 (1956). The negotiations consummated here were in lieu of a condemnation proceeding, and are distinguishable from the negotiations and conveyance in the case of Jones v. Burns, 221 Miss. 833, 74 So.2d 866 (1954).
To hold that the trustees and deacons of the church, in order to protect the interest of the church in the .93 acres, must insist that the land be condemned in a contested proceeding, would be placing an undue burden upon them and would in effect negate the possibilities of voluntary settlements which are conducive to a harmonious society. If there had not been a voluntary settlement, no doubt the Highway Commission would have condemned the property. We hold that the voluntary settlement by the church with the Mississippi Highway Commission, in lieu of a condemnation proceeding, did not constitute an abandonment of the .93 acres. It follows that the owners of the reversionary interest are not entitled to compensation for a fee simple estate in the .93 acres.
Turning-to the question of whether the heirs of J. G. Patrick are entitled to compensation for their reversionary interest, we noted in the case of Hemphill v. Mississippi State Highway Comm., 245 Miss. 33, 49, 145 So.2d 455, 462 (1962):
[T]he general rule is that the condemnor is not required to pay compensation and takes the property free from inchoate dower, reversionary rights, contingent remainders, and executory interests. It must pay compensation for taking “vested” remainders. However, the con-demnor must pay for contingent remainders and reversionary interests where they constitute the remaining interests in fee and property after a life estate or term of years. Otherwise the condemnation award for payment goes entirely to the holder of the defeasible fee. * * A different position is suggested by the Restatement of Property, called the im-minency or probability test.
Thus, under the general rule, if the property had been condemned the holder of the reversionary interest would not be entitled to compensation. However, this Court stated:
We decline to follow the majority rule which denies compensation to owners of all future interests taken by the state. There is no rational basis for such a general doctrine. It is not equitable, and is not consistent with other legal principles related to such existing estates in land. In each case it should he determined zvhether the particular interest is of a sufficiently stibstanfial character to warrant protection, or whether it is too tenuous for that purpose. (245 Miss, at 51, 145 So.2d at 463.) (Emphasis added.)
In the case at bar, in view of the fact that the premises have been continuously used for the purposes specified in the deed since a period shortly after the conveyance in 1903 and there is no proof in the record to show that the cessation of *854 such use was probable or imminent in the foreseeable future, the particular interest of the possibility of reverter prior to the conveyance was not of a sufficiently substantial character to warrant protection and was too tenuous for that purpose. While the right of eminent domain was not utilized by the appellee, nevertheless the owners of the possibility of reverter under the facts of this case are not entitled to compensation.
For the foregoing reasons, we conclude that the chancellor was correct and therefore affirm the case.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON and INZER, JJ., concur.